[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed June 25, 1997
The defendant moves to strike the second and the third counts of the Amended Complaint. The second and third counts set forth claimed violations of CUTPA.
The motion to strike raises three contentions. First, that the plaintiff has failed to plead that the defendant was engaged CT Page 6672 in trade or commerce. The defendant claims that it is a charity. The first count, para. 4, alleges that the defendant has expended only $25,393 towards the purchase of medical equipment for disabled children, which is its avowed purpose, but that this amount consists of only three percent of its income. This allegation is sufficient to allow the inference that the defendant is in reality not engaged in charity but rather is engaging in trade or commerce.
The second contention is that the defendant, because of its avowed purpose of seeking charitable solicitations, and does not transfer any property to the grantor of the funds, is not engaging in trade or commerce. The defendant contends that it does not engage in this activity for a profit within the generally accepted meaning of the term. This is, however a question of fact which cannot be resolved merely because some of the income is clearly used for the direct avowed purpose of the enterprise. Certainly the expenditure of only 3% of the collected funds gives rise to serious questions as to whether the remaining 97% is rationally question of fact which cannot be resolved merely because some of the income is clearly used for the direct avowed purpose of the enterprise. Certainly the expenditure of only 3% of the collected funds gives rise to serious questions as to whether the remaining 97% is rationally related to the avowed charitable purpose, or conversely consists of an activity engaged in for profit.
Third, the defendant contends that the application of CUTPA to charitable solicitors violates the defendant's free speech rights under the U.S. Constitution. The cases cited by the defendant belie the defendant's contention, as it is clear that antifraud laws can be enforced against charitable fundraising.
For the reasons set forth herein, the motion to strike is denied.
SULLIVAN, L., J.